333 So.2d 22 (1976)
In re INQUIRY CONCERNING A JUDGE NO. 76-14.
No. 49429.
Supreme Court of Florida.
May 19, 1976.
PER CURIAM.
This cause is before the Court upon the request of the Judicial Qualifications Commission to suspend Honorable Stewart F. LaMotte, Jr., as a circuit judge, pending disposition of proceedings on formal charges which have been filed by the Commission against said judge and made a part of this proceeding. This request inherently constitutes an application to open all further proceedings in this matter to the public, eliminating the confidentiality to which Judge LaMotte is entitled if suspension *23 is not approved. See Article V Section 12(d), of the Florida Constitution, and Judicial Qualifications Commission Rule 8.
This Court received this request on Thursday, May 13, 1976, and it appearing that Judge LaMotte had been afforded no opportunity to be heard before the Judicial Qualifications Commission, we issued an order directing Judge LaMotte to show cause in writing on or before 12:00 Noon, Tuesday, May 18, 1976, why suspension should not be granted as requested. This order, the formal charges, and the request for suspension were personally served upon Judge LaMotte on Friday, May 14, 1976. A response by Judge LaMotte has been duly filed in this cause.
Confidentiality in Judicial Qualifications Commission proceedings is mandated by the constitutional provision except when suspension is granted. The need and reasons for confidentiality are: (1) to protect the judicial officer from unsubstantiated charges, and (2) to protect the complainant from possible recriminations, thereby keeping open sources of information. Confidentiality, however, should not be absolute in these types of proceedings when the reasons for the confidentiality doctrine no longer exist.[1] This is particularly so when there is public knowledge of the incident, and confidence in the administration of justice is threatened due to the lack of information concerning disciplinary proceedings.
The formal charges made against Judge LaMotte concern a subject which in its entirety is a matter of public record.
There is public knowledge of the alleged misconduct in the community which he serves. In our opinion it is in the best interest of both the individual judge and the judicial system that these charges be disposed of publicly. The Commission has recommended and we independently conclude that the effectiveness of Judge LaMotte has been adversely affected by the public knowledge of the incident, and it is necessary to public confidence in the administration of justice that he be temporarily suspended with pay pending an early disposition by the Judicial Qualifications Commission of the charges against him.
Although we agree that this cause should be open and the judge suspended pending disposition of the Judicial Qualifications Commission charges, we are concerned that the judge had no notice or opportunity to be heard before the Judicial Qualifications Commission concerning the issue of his suspension. In our view a notice of at least twenty-four hours with an opportunity to be heard would be advisable in future matters before suspension is recommended by the Commission.
In view of the temporary suspension of the judge and its effect on the administration of justice in the area which he serves, we further request the Commission to proceed expeditiously and afford this cause priority over all Commission proceedings where a suspension is not involved.
For the reasons expressed herein, we hereby grant the Judicial Qualifications Commission's request for suspension of Honorable Stewart F. LaMotte, Jr., as a circuit judge until further order of this Court.
It is so ordered. This suspension shall be effective at 12:00 Noon, May 20, 1976.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] We previously explained the need for confidentiality in judicial disciplinary proceedings in Forbes v. Earle, 298 So.2d 1 (Fla. 1974), citing the American Bar Association Commission on Standards of Judicial Administration and the fact that thirty-four states require confidentiality.